# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1653V
UNPUBLISHED

|  |  |
|---|---|
| NANCY SPOTANSKI, <br><br>            Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>            Respondent. | Chief Special Master Corcoran <br><br> Filed: May 13, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Theodore J. Hong, Maglio Christopher & Toale, PA, Seattle, WA,* for petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On October 25, 2018, Nancy Spotanski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") as a result of a September 30, 2016 influenza ("flu") vaccination. Petition at 1, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 15, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 12, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $128,357.66. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $128,357.66 (representing $125,000.00 for actual and projected pain and suffering, with the award for projected pain and suffering reduced to net present value, and $3,357.66 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| NANCY SPOTANSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1653V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 25, 2018, Nancy Spotanski ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on September 30, 2016.  Petition at 1, 6.[1]  On November 14, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the following day.  ECF No. 23; ECF No. 24.

## I.   Items of Compensation

### A.   Pain and Suffering

Respondent proffers that Nancy Spotanski should be awarded $125,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and

---

[1] Petitioner received a pneumococcal polysaccharide vaccine the same day.  Exhibit ("Ex.") 3 at 15, 42.  She also received a Tdap vaccine on October 14, 2016.  Ex. 3 at 11, 41.

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

      B.     <u>Past Unreimbursable Expenses</u>

      Evidence supplied by petitioner documents Nancy Spotanski's expenditure of past

unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that

petitioner should be awarded past unreimbursable expenses in the amount of $3,357.66, as

provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.    <u>Form of the Award</u>

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to Nancy Spotanski should be made

through a lump sum payment as described below and requests that the Chief Special Master's

decision and the Court's judgment award the following[2]:  a lump sum payment of $128,357.66,

representing compensation for pain and suffering ($125,000.00), and past unreimbursable

expenses ($3,357.66), in the form of a check payable to petitioner, Nancy Spotanski.

## III.    <u>Summary of Recommended Payments Following Judgment</u>

      Lump sum payable to petitioner, Nancy Spotanski:      **$ 128,357.66**

      Respectfully submitted,

      JOSEPH H. HUNT
      Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Acting Director
      Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  May 12, 2020